UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darren S. Simmons, | ) C/A No. 5:13-644-RMG-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| William R. Byars, Jr., Agency Director; Thomas E. Bryne, MD; John B. McRee, MD; Doctor Moore, MD; Janine Wresicics, RN; Terry L Andrews, RN; Ms. P. Derrick, RN; Alicia Jones, RN; Nurse Ms. Spallden, RN; Mr. Officer Corley; Mr. Officer Washington; Mr. Officer Smart; Sgt. Creech; Corporal Hughes; Ms. Officer Aldrich; Warden John M. Pate; A/W Newton; Major Worrick; Ms. Cindy Sanders, Admin. Assistance; John H. Carmichael, Jr.; Lt. Bishop; Sgt. Gilbert; Ms. Pam Smith; IGC Ann Hallman, Grievance Branch Chief; Mr. Sgt. DeLoach; Lt. Morrison, South Carolina Department of Corrections, | ) Report and Recommendation for Partial Summary Dismissal |
| | ) |
| Defendants. | ) |

Darren S. Simmons ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff, who is incarcerated at Allendale Correctional Institution, files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the pleadings[1] in accordance with applicable law, the undersigned recommends that the district judge dismiss the following Defendants from this action, without prejudice and without issuance and service of process: Alicia Jones, RN; Nurse Ms. Spallden, RN; Mr. Officer Corley; Mr. Officer Washington; Mr. Officer

---

[1] Plaintiff filed a Complaint, ECF No. 1, Amended Complaint, ECF No. 7, and Second Amended Complaint, ECF No. 22, in this case. To preserve issues raised in this case and give liberal construction to the pleadings, the Clerk of Court has been directed to append the original and First Amended Complaints as attachments to the Second Amended Complaint. *See* ECF Nos. 22, 22-1, 22-2.

Smart; Sgt. Creech; Corporal Hughes; Ms. Officer Aldrich; Lt. Bishop; Sgt. Gilbert; Ms. Pam Smith; IGC Ann Hallman; Mr. Sgt. DeLoach; Lt. Morrison; South Carolina Department of Corrections. In a separately docketed order, the undersigned has authorized service against the remaining Defendants.

I.     Background

Plaintiff filed a Complaint alleging deliberate indifference to serious medical needs against the following Defendants: William R. Byars, Jr.; Thomas E. Byrne, MD; John B. McRee, MD; Doctor Moore, MD; Janine Wresicics, RN; Terry L. Andrews, RN; and Ms. P. Derrick, RN. Compl. 1-2, ECF No. 1. Plaintiff claims that he has experienced "severe pain and suffering in his skull from a brain scar shearing tissue damages to the frontal part of his head since Dec. 12, 1996." *Id.* at 5. Plaintiff states that it has become difficult to chew food or sleep, *id.*, and that he is suffering from "dizziness, chest pain, and black out spells, and cardiac problems with difficult breathing." *Id.* at 10. Plaintiff allegedly made Defendants aware of the extreme pain between August of 2012 and January of 2013, to no avail. *Id.* at 6-10. Plaintiff further alleges claims of supervisory liability against several Defendants, *id.* at 7, and constitutional violations resulting from prison policies or customs. *Id.* at 10, 13. Plaintiff, who seeks monetary damages, *id.* at 16-18, indicates that the issues presented in the Complaint have been exhausted through the prison's grievance procedure and the Administrative Law Court. *Id.* at 2; ECF No. 1-1 at 3-4.

Plaintiff then filed an Amended Complaint, which added the following Defendants to this case: Alicia Jones, RN; Nurse Ms. Spallden, RN; Mr. Officer Corley; Mr. Officer Washington; Mr. Officer Smart; Sgt. Creech; Corporal Hughes; Ms. Officer Aldrich; Warden John M. Pate; A/W Newton; Major Worrick; Ms. Cindy Sanders; John H. Carmichael, Jr.; Lt. Bishop; Sgt. Gilbert; Ms.

2

Pam Smith; and IGC Ann Hallman. Am. Compl. 1-2, ECF No. 7.[2] The Amended Complaint indicates that Plaintiff is experiencing "extreme painful headaches, chest pains, dizziness, breathing difficulties, vomitting [sic] and periodic blackout spells as a result of intracranial pressure on his brain" and that the originally named Defendants, as well as Defendants Pate, Sanders, Newton, and Worrick have "intentionally" chosen to ignore Plaintiff's medical needs. *Id.* at 5; *see also id.* at 10-13. The Amended Complaint further alleges serious medical emergencies on March 7, 2013, and March 16, 2013, at which times Plaintiff experienced "cardiac difficulties" caused by the pressure on his brain. *Id.* at 5-6. Plaintiff claims that Defendants Bishop and Gilbert refused "to call for medical service" on the evening of March 7, 2013. *Id.* at 4. The amended pleading alleges that Defendants Jones, Washington, Aldrich, Corley, and Smart were also aware that Plaintiff needed medical attention in March of 2013, but failed to provide any help. *Id.* at 5-8. Defendant Spallden is named for failing to provide medical attention since March 7, 2013, and Defendants Carmichael and Sanders were allegedly deliberately indifferent to Plaintiff's medical needs since at least December of 2012. *Id.* at 8. Plaintiff alleges that Pam Smith, grievance coordinator, neglected her duties, *id.* at 11, and that Ann Hallman, head grievance chief, was made aware of Plaintiff's situation via correspondence but failed to reasonably take action. *Id.* at 13. Plaintiff lists Defendants Creech and Hughes in the caption of the Amended Complaint, but provides no specific factual allegations against these Defendants. *Id.* at 1-2, 13. The Amended Complaint seeks monetary damages. *Id.* at 14.

---

[2] Because some pages of Plaintiff's Amended Complaint, ECF No. 7, are not numbered, page number references to ECF No. 7 are to the page number stamped at the top of each page beside the ECF designation.

Subsequent to filing the Amended Complaint, Plaintiff sought leave to further amend his pleadings to add two additional Defendants: Sgt. DeLoach[3] and Lt. Morrison. ECF No. 18. The Motion to Amend further clarified that Plaintiff intended to name the South Carolina Department of Corrections as a separate defendant in this case. *Id.* at 2. The court granted Plaintiff's Motion, resulting in the filing of a Second Amended Complaint on April 8, 2013. ECF No. 22. The Second Amended Complaint alleges that, on March 7, 2013, Defendants DeLoach and Morrison, supervisors of the Special Management Unit ("SMU"), "went home and left [P]laintiff in his cell in the bed of SMU in 'neurocardiogenic shock' and failed to notify anyone on the next shift of [Plaintiff's] serious medical condition." *Id.* at 2. The remainder of the Second Amended Complaint further details the events of March 7, 2013, and discusses how Defendants Jones, Spallden, Byrne, Gilbert, and Bishop allegedly violated Plaintiff's constitutional rights on that date. *Id.* at 2-4. The Second Amended Complaint seeks monetary damages. *Id.* at 5.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

---

[3] Plaintiff did not list Sgt. DeLoach as a Defendant in the amended complaint. ECF No. 7. However, the pleading discusses this officer's actions during Plaintiff's alleged medical emergencies in March of 2013. *Id.* at 4, 7.

4

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 631 n.1 (4th Cir. 2003). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss a case in which a litigant seeks to proceed *in forma pauperis* at any time it determines the action is frivolous or fails to state a claim on which relief may be granted. *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990).

B. Analysis

Plaintiff's pleadings provide sufficient factual allegations to withstand summary dismissal of his claims associated with the 2012 denial of medical care by the following Defendants: Byars; Byrne; McRee; Moore; Wresicics; Andrews; Derrick; Pate; Newton; Worrick; Sanders; and Carmichael. However, Plaintiff has failed to administratively exhaust his claims regarding the alleged denial of medical care in March of 2013 through the prison's grievance system. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." A prisoner must utilize all available remedies so that prison officials have the opportunity to first address the claims administratively. *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)). The United States Supreme

Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Failure to exhaust administrative remedies is generally considered an affirmative defense, and not a jurisdictional infirmity. *Jones v. Bock,* 549 U.S. 199, 212 (2007). However, if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–56 (4th Cir. 2006); *Moore v. Bennette*, 517 F.3d at 725.

In the present case, Plaintiff alleges denial of medical care on the following dates: March 7, 2013; March 12, 2013; and March 13, 2013, and March 16, 2013. ECF No. 7 at 5-6; ECF No. 22 at 2. Plaintiff signed the Amended Complaint on March 18, 2013, ECF No. 7 at 14, and the Second Amended Complaint on March 29, 2013, ECF No. 22 at 5. As it is clear from the face of the pleadings that Plaintiff filed his claims alleging the denial of medical care in March of 2013 prematurely, before he fully exhausted the prison's administrative remedy process, the following Defendants are entitled to summary dismissal from this action: Jones; Spallden; Corley; Washington; Smart; Creech; Hughes; Aldrich; Bishop; Gilbert; DeLoach; and Morrison.[4] As indicated above, service of the pleadings shall be directed on Defendants Byars, Byrne, McRee, Moore, Wresicics, Andrews, Derrick, Pate, Newton, Worrick, Sanders, and Carmichael, who allegedly denied Plaintiff medical care, or were deliberately indifferent to Plaintiff's medical needs

---

[4] It is noted that the second amended complaint does not list Sgt. Creech or Corporal Hughes as defendants. ECF No. 22.

in 2012. However, to the extent Plaintiff alleges claims against these Defendants for deliberate indifference to medical needs in March of 2013, such claims are also subject to summary dismissal.

Further, Plaintiff names Defendant Pam Smith as an inmate grievance coordinator, ECF No. 7 at 11, and Defendant Ann Hallman as the "Head Grievance Chief" who failed to act reasonably in light of Plaintiff's correspondence, *id.* at 14. Liberally construed, the Amended Complaint appears to allege that Defendants Smith and Hallman violated Plaintiff's constitutional rights by failing to properly address his grievances regarding the alleged denial of medical care. Inmates have no constitutionally protected right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, No. 10-6938, 2011 WL 917248, at *2 (4th Cir. Mar. 17, 2011); *see also Blagman v. White*, 112 F. Supp. 2d 534, 542 (E.D. Va. 2000) (noting inmate has no constitutional entitlement to grievance procedure); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). As Plaintiff's allegations against Defendants Smith and Hallman fail to state a cognizable claim under 42 U.S.C. § 1983, these Defendants are entitled to summary dismissal from this action.

Finally, Plaintiff's Second Amended Complaint indicates that he intended to name the South Carolina Department of Corrections as a separate Defendant in this case. ECF No. 22 at 2. The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court, *see Alden v. Maine*, 527 U.S. 706, 712-13 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. La.*, 134 U.S. 1 (1890), and the Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens

as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Such immunity extends to arms of the state, including a state's agencies and instrumentalities. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984); *see also Regents of the University of Cal. v. Doe*, 519 U.S. 425, 429 (1997). While sovereign immunity does not bar suit when a state has given consent to be sued, or when Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[5] Because the South Carolina Department of Corrections is protected from Plaintiff's claims by the Eleventh Amendment, this Defendant should also be summarily dismissed from this case.

III.    Conclusion and Recommendation

Accordingly, it is recommended that the case be dismissed without prejudice and without issuance and service of process as to the following Defendants: Alicia Jones, RN; Nurse Ms. Spallden, RN; Mr. Officer Corley; Mr. Officer Washington; Mr. Officer Smart; Sgt. Creech; Corporal Hughes; Ms. Officer Aldrich; Lt. Bishop; Sgt. Gilbert; Ms. Pam Smith; IGC Ann Hallman; Mr. Sgt. DeLoach; Lt. Morrison; South Carolina Department of Corrections.

IT IS SO RECOMMENDED.

April 30, 2013                                                          Kaymani D. West
Florence, South Carolina                                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[5] Congress has not abrogated the states' sovereign immunity under § 1983. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). Further the state of South Carolina has not consented to suit in federal district court. *See* S.C. Code Ann § 15-78-20(e).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).