UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darren Simmons, #182509, ) | |
| ) | C/A No: 5:13-cv-00644-RMG-KDW |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Report and Recommendation |
| William R. Byars, Jr. et al, sued in their ) | |
| individual capacity. ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding pro se and in forma pauperis, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's Motions for Temporary Restraining Orders, ECF No. 78, 86, 93. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants and submit findings and recommendations to the district court.

In his Motions for Temporary Restraining Orders, Plaintiff requests that Defendants Deloach, Washington, Smart, Derrick, Henderson, Bryant, Bishop and Gilbert be "restrained from going within 20 feet of the Plaintiff while either on SMU or on the Allendale Correctional yard, and to be completely restrained from discriminating against [Plaintiff]." ECF No. 78 at 1-2. Plaintiff also asks that the court "mandate the SMU officials to provide adequate food portions on [Plaintiff's] trays and to dispense all of [Plaintiff's] incoming mail in a timely manner." *Id.* at 2. Plaintiff also asks the court to order Warden Pate to transfer Plaintiff "to a (24) hr medical facility as soon as possible to protect [Plaintiff] from Dr. Bryne, MD, and Defendants causing him any more irreparable injury, risk of substantial harm, loss, or damage to

his continued health or well-being." ECF No. 86 at 3. Plaintiff also requests that the court order Defendants Warden Pate, A/W Newton, and Major Walter Worrick to "take corrective action against the following SMU prison supervisory official and defendants employed in the special management unit (SMU) Jasper." ECF No. 93 at 1.

In support of his motions, Plaintiff contends that he suffered a heart attack and was denied medical treatment. ECF No. 86-1 at 1. Plaintiff also argues that "when [he] came back from the shower [he] found contraband planted inside [his] cell because of campaigne (sic) of harassment." *Id.* at 2. Plaintiff also alleges that Dr. Byrne "personally inflicted pain on [him] while [he] was in a none responsive state" and Ms. P. Derrick has come by his cell "causing [Plaintiff] problems" and trying to get him "to drop the lawsuit." *Id.* Plaintiff argues that he was assaulted by Corporal Bryant who used "excessive force maliciously and sadistically to cause plaintiff harm." ECF No. 99 at 1. Plaintiff contends that he is not being provided "staff request slips or debit forms to mail legal court mail out," that his grievances are not being investigated, and he is not being provided with an adequate amount of legal supplies. ECF No. 99-1 at 2. Plaintiff also argues that Dr. Byrne and Ms. P. Derrick have failed to provide "adequate medical care for his painful shearing brain injury scar, and severe chest pain, and heart failure, and intracranial pressure on his brain." ECF No. 99-2 at 2. Defendants oppose Plaintiff's motions arguing that Plaintiff has failed to make any arguments or offer any evidence that would support granting the "extraordinary relief" of a restraining order. ECF Nos. 89, 98.

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed

on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

Addressing Plaintiff's request for an order transferring him to a medical facility, such relief is not an available remedy. The placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review unless state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-17 (4th Cir. 1984). There is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Meachum v. Fano*, 427 U.S. 215, 223-24 (1976); *McKune v. Lile*, 536 U.S. 24, 39 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"). The undersigned further finds that Plaintiff has failed to establish the elements necessary to demonstrate the need for a temporary restraining order. Plaintiff has not established that he will suffer irreparable harm, or that there is a likelihood that he will eventually succeed on the merits of his complaint or that the public interest lies with granting the requested relief. Based on the foregoing, it is recommended that Plaintiff's Motions for Temporary Restraining Orders, ECF Nos. 78, 86, 93, be denied.

IT IS SO RECOMMENDED.

July 29, 2013                                           Kaymani D. West
Florence, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4