UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darren Simmons, #182509, ) | |
| ) | C/A No: 5:13-cv-00644-RMG-KDW |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| William R. Byars, Jr., et al., sued in their ) | |
| individual capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

Plaintiff, proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's Motion for Physical and Mental Examinations, ECF No. 84, Plaintiff's Motion to Compel, ECF No, 85, and Plaintiff's Motions to Appoint an Expert Witness, ECF Nos. 94, 108. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983.

## Motion for Physical and Mental Examinations, ECF No. 84

Plaintiff requests, pursuant to Fed. R. Civ. P. 35(a), that he be examined by an outside neurologist concerning "a small scattered area of previous brain shearing injury." ECF No. 84 at 1. Plaintiff contends that a "neurologist examination is needed because [he] is in extreme pain and a neurologist could best determine[] whether the [] small scattered areas of previous brain laceration or shearing injury is the primary cause." ECF No. 109 at 1. Plaintiff also requests that

he be provided a copy of the subsequent report and "all tests made with diagnoses." ECF No. 84 at 1. Defendants oppose this motion. ECF No. 96.

Rule 35 of the Federal Rules of Civil Procedure provides, in relevant part,

> **(a) Order for Examination**
> **(1)** *In general*. The court where the action is pending may order a party whose mental or physical condition–including blood group–is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . .
> **(2)** *Motion and Notice; Contents of the Order*. The order:
> **(A)** may be made only on motion for good cause and notice to all parties and the person to be examined; and
> **(B)** must specify the time, place, manner, conditions, and scope of examination, as well as the person or persons who will perform it.

FED. R. CIV. P. 35(a). However, Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself." *Brown v. United States*, 74 Fed. Appx. 611, 614 (7th Cir. 2003). Instead, Rule 35 allows, under "appropriate circumstances," a court "to order a party to submit to a physical examination at the request of an opposing party." *Id.; see also Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) (no abuse of discretion where the district court denied the plaintiff's Rule 35 motion where the plaintiff's "primary purpose was to obtain medical care and to complain of deliberate indifference to his serious medical needs"); *Vinson v. U.S. Marshals Serv.,* C/A No. 0:10-79-RMG, 2011 WL 3903199 (D.S.C. Sept. 2, 2011) (adopting the Magistrate Judge's recommendation to deny the plaintiff's motion requesting a physical and mental evaluation of himself). Accordingly, Plaintiff's Motion for Expert Witness/Physical Examination, ECF No. 84, is denied.

**Motion to Compel, ECF No. 85**

On July 11, 2013, Plaintiff moved for an order compelling Defendants to respond to discovery requests that were served on June 7, 2013, contending that Defendants "failed to produce documents under discovery and failed to answer the interrogatories." ECF No. 85 at 1. Plaintiff also requests $10 in costs. *Id.* at 2.  In response, Defendants argue that Plaintiff's motion should be denied because they have now responded to Plaintiff's discovery requests and served them on Plaintiff on July 18, 2013.  ECF No. 97 at 1.  Defendants also argue that Plaintiff's request for costs should be denied. *Id.*  In reply, Plaintiff argues that Defendants did not fully answer his discovery requests because they only produced approximately 100 pages of his 365-page medical record.  ECF No. 110.  Local Rule 37.01, D.S.C., requires that a party moving to compel discovery responses provide the court with a copy of the discovery requests and responses at issue.  Plaintiff has not done so. Without a copy of Plaintiff's discovery requests and Defendants' responses, the undersigned cannot determine whether Defendants' production of documents was adequate.  Accordingly, Plaintiff's Motion to Compel, ECF No. 85, is denied.

**Motion for Appointment of Expert Witnesses, ECF Nos. 94, 108**

Plaintiff requests that the court appoint a neurologist and a cardiologist to give expert testimony concerning Plaintiff's brain injury and Plaintiff's heart and lung issues.  ECF No. 94 at 1. In support of his motions, Plaintiff alleges that he has been diagnosed with "neurocardiogenic shock syncope, and a[n] enlarged heart, and (COPD) chronic obstructive pulmonary disease, and a chronic subdural, and a small scattered areas of previous shearing brain injury." ECF No. 108 at 1-2.  Plaintiff contends that he is constantly experiencing severe pain, squeezing pressure in his chest, breathing difficulties, intracranial pressure, extreme sweating, and cardiac shock, and that an expert is needed to "testify to the data in plaintiff['s] case." *Id.* Plaintiff also argues in his

Reply brief that a neurologist could best determine if the pain Plaintiff is experiencing is related to Plaintiff's shearing injury. ECF No. 109 at 1. Defendants oppose Plaintiff's Motion for Court Appointed Expert Witness. ECF No. 118.

First, the court finds no authority to appoint and pay an expert to assist an indigent litigant in the preparation of a civil lawsuit. Further, the undersigned acknowledges that pursuant to Fed. R. Evid. 706, a court may, on its own motion or on a motion by any party, appoint an expert witness. However, the determination to appoint an expert rests solely in the court's discretion and is to be determined by such factors as the complexity of the matters to be determined and the court's need for a neutral, expert view. *See Pabon v. Goord*, No. 99 Civ. 5869, 2001 WL 856601 (S.D.N.Y. July 30, 2001)). The appointment of an expert pursuant to Rule 706 is not intended to further partisan interests of any party, but to aid the court, through the services of an impartial expert in its assessment of technical issues.

In this case, the issues do not appear to the undersigned to be of the requisite complexity to require appointment of an expert witness. As the underlying purpose of Rule 706 is to assist the court in evaluating contradictory or complex evidence, rather than to aid the Plaintiff's prosecution of his own case, Plaintiff's Motions for a Court Appointed Expert Witness, ECF Nos. 94, 108, are denied.

## Conclusion

Therefore, for the foregoing reasons, it is ORDERED that Plaintiff's Motion for Physical and Mental Examinations, ECF No. 84, Plaintiff's Motion to Compel, ECF No. 85, and Plaintiff's Motions to Appoint an Expert Witness, ECF Nos. 94, 108, are DENIED.

IT IS SO ORDERED.

August 22, 2013                                            Kaymani D. West
Florence, South Carolina                        United States Magistrate Judge