IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darren S. Simmons, <br><br> Plaintiff, <br><br> v. <br><br> William R Byars, Jr., Dr. Thomas E. Bryne, Dr. John B McRee, Dr. Moore, Nurse Janine Wresicics, Nurse Terry L Andrews, Nurse P Derrick, Warden John M. Pate, A/W Newton, Major Worrick, Cindy Sanders, and John H. Carmichael, Jr., <br><br> Defendants. | No. 5:13-cv-644-RMG <br><br> **ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court grant Defendants' motion for summary judgment. (Dkt. No. 165). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of this Court.

**Background**

Darren S. Simmons is an inmate with the South Carolina Department of Corrections ("SCDC") and is the plaintiff proceeding *pro se* in this case. Simmons brought this action pursuant to 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his medical needs. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC, this case was automatically referred to a United States Magistrate Judge for pretrial proceedings. Defendants then filed a motion for summary judgment. (Dkt. No. 127). Plaintiff then filed a response opposing the motion, (Dkt. No. 131), and Defendants filed a reply, (Dkt. No. 133). The Magistrate Judge then issued the present R&R. (Dkt. No. 165). Plaintiff did not file timely objections.

1

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record and the R&R, the Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and adopts the R&R as the order of the Court. To prevent summary judgment on a cause of action for deliberate indifference to medical needs a plaintiff must present evidence sufficient to create a genuine issue of fact that the defendant was deliberately indifferent to his serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 832-35 (1994). This Court agrees with the Magistrate Judge that Simmons has not offered evidence to show that Defendants were deliberately indifferent to his medical needs. To the contrary, the evidence shows that Simmons has been treated for several complaints.

Supervisory liability based on a subordinate infliction of a constitutional violation is based on an acknowledgment that the supervisory indifference or authorization of subordinate misconduct may be a direct cause of constitutional injury. *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). Here, the Court agrees with the Magistrate Judge that Simmons has not

presented a constitutional injury. Finally, this order does not address Simmons' retaliation allegations because they were not made a cause of action in Simmons' pleadings.

## Conclusion

The Court **ADOPTS** the Magistrate Judge's R&R, (Dkt. No. 165), as the order of this Court. Accordingly, the Defendants' motion for summary judgment is **GRANTED**. Plaintiff's motion to dismiss is denied as moot. (Dkt. No. 163).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

June 23, 2014
Charleston, South Carolina